# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JOSEPH PATRICK FRASCOGNA                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:07cv686 DPJ-JCS

SECURITY CHECK, LLC                                         DEFENDANT

## ORDER

This cause is before the Court on Defendant Security Check, LLC's Renewed Motion to Dismiss [41]. Plaintiff Joseph Patrick Frascogna has responded in opposition. Having considered the memoranda and submissions of the parties, along with the pertinent authorities, the Court finds that Defendant's motion should be granted.

## I.  Facts/Procedural History

On November 21, 2007, Plaintiff filed an individual complaint against Security Check, LLC alleging that it violated the Fair Debt Collection Practices Act (FDCPA) in its attempts to collect on a returned check for $38.59. Security Check responded by filing an Answer on January 4, 2008 and serving Plaintiff with a Rule 68 offer of judgment on January 7, 2008. The offer of judgment provided that a $2,001.00 judgment be entered against Security Check in favor of Plaintiff. The offer further stated that Plaintiff would be entitled to reasonable attorneys' fees and costs in an amount determined by agreement of the parties or Court order if the parties could not reach an agreement. Plaintiff effectively rejected Defendant's offer by failing to respond to it within the ten-day period prescribed by Rule 68.

On January 31, 2008, Defendant filed its original motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Plaintiff responded to Defendant's motion on March 6,

2008,[1] and on March 7, 2008, Plaintiff filed a motion for leave to file an amended, class complaint and a motion to certify the class asserted in the proposed amended complaint. Although both motions came more than a month after the offer of judgment was rejected, and after Defendant's motion to dismiss for lack of jurisdiction, the magistrate judge granted Plaintiff's motion for leave to file an amended complaint on April 24, 2008. Accordingly, on May 15, 2008, Plaintiff submitted his First Amended Complaint in which he sought to represent a class of similarly situated individuals seeking class-wide relief. Defendant thereafter filed a Renewed Motion to Dismiss Plaintiff's Complaint and First Amended Complaint for lack of subject matter jurisdiction.

## II.     Analysis

Defendant moves to dismiss Plaintiff's Complaint and First Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In analyzing a motion to dismiss under Rule 12(b)(1), the Court must first determine whether Defendant's motion is a "facial" or "factual" attack upon the Complaint.

> Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

*Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Williamson v. Tucker*, 645

---

[1] The certificate of service for Plaintiff's response states that it was filed on March 3, 2008; however, due to filing difficulties, Plaintiff did not properly docket the response until March 6, 2008.

F.2d 404, 412–13 (5th Cir. 1981). Furthermore,

> "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

*Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Here, Defendant has submitted evidence outside the pleadings in support of its motion to dismiss, and the issue is whether Plaintiff lost standing after filing suit. Accordingly, Defendant's motion is a factual attack. *See Dellarussiani v. Ed Donnelly Enters., Inc.*, No. 2:07-CV-00253, 2007 WL 3025340, at *3 (S.D. Ohio Oct. 15, 2007) ("Defendants' motion to dismiss is based on the lack of case or controversy resulting from the Defendants' Offer of Judgment. Such a motion is a 'factual attack.'"). Plaintiff therefore carries the burden of proving by a preponderance of the evidence that this Court has subject matter jurisdiction over his claims. *Patterson*, 644 F.2d at 523.

    A.    <u>General Mootness Principles</u>

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2, cl.1. This requirement serves to restrict federal jurisdiction to actions that are adversarial in nature and capable of being resolved through the judicial process. *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Moreover, "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial[,] and appeal. To sustain [federal] jurisdiction . . . it is not enough that a dispute was very much alive when suit was filed . . . ." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). An

3

action becomes moot and thereby loses its status as a case or controversy if the issues presented in the action are resolved or if the parties to the action lack a "legally cognizable interest in the outcome" of the litigation. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). In the present case, the Court considers the second aspect of mootness—the parties' interest in the litigation, which is referred to as the "personal stake" requirement. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980).

"An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (citation omitted); *see also generally Sandoz v. Cingular Wirless LLC*, No. 08-30769, --- F.3d ----, 2008 WL 5341434 (5th Cir. Dec. 23, 2008); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981); 13A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3533.2 (3d ed. 2005). Defendant contends that because Plaintiff refused to accept its Rule 68 offer, which would have given Plaintiff all the relief he could hope to recover in the instant case, Plaintiff no longer has a personal stake in the outcome of the litigation, and his action is now moot.

    B.    <u>Complete Relief Under Rule 68</u>

As a threshold matter, the Court must determine whether Defendant's Rule 68 offer of judgment provided Plaintiff with complete relief. Damages for violating the FDCPA are limited to actual damages caused by the violation, statutory or additional damages of up to $1,000.00 per action, not per violation, and litigation costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a) (1998); *Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002) (citations omitted). Defendant's offer of judgment was for $1,001.00 in statutory damages, $1,000.00 in

4

actual damages, and reasonable costs and attorney's fees. Ex. "A" to Defendant's Motion to Dismiss ("Defendant's Motion") ¶¶ 1–2. Accordingly, Defendant clearly offered Plaintiff the maximum *additional* damages allowed by statute plus costs and attorneys' fees. These points are not disputed.

The issue is whether the offer fully covered Plaintiff's *actual* damages. According to Plaintiff, Defendant's offer did not provide complete relief for his "injury to reputation, damage to credit, out-of-pocket expenses, physical, emotional, and mental pain and anguish, and pecuniary loss." Plaintiff's Response in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Response [21]") at 3. As Defendant noted, however, it has lodged a factual attack upon the Court's subject matter jurisdiction. As such, Plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Patterson*, 644 F.2d at 523. Rather than meet the challenge, Plaintiff merely referenced the allegations in his Complaint and offered other conclusory statements. Plaintiff's Response [21] at 3. However, the averments of the Complaint are not presumed to be true, *Patterson*, at 523, and Plaintiff has offered no record evidence of additional damages.

More particularly, there is no proof establishing any economic damages. As for non-economic damages, the Fifth Circuit has not specifically ruled that they are available under the FDCPA, but it has, in the context of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, required "a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award." *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 938 (5th Cir. 1996) (quoted in *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th

Cir. 2001)).[2] No such evidence is found in this record. *See, e.g., Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 850-51 (W.D. Ky. 2007) (ruling that offer of judgment provided complete relief despite claim of emotional distress because plaintiff's conclusory affidavit was insufficient to establish such damages). Having failed to submit any record evidence, Plaintiff has not met his burden of establishing jurisdiction. *See, e.g.*, *Rollins v. Sys. Integration, Inc.*, No. 4:05-CV-408-Y, 2006 WL 3486781, at *3 (N.D. Tex. Dec. 4, 2006) (granting Rule 12(b)(1) motion to dismiss where plaintiff failed to meet his burden of demonstrating that Rule 68 offer of judgment would not fully compensate).

Finally, the Court recognizes those cases in which litigants requested discovery in response to factual attacks on the court's subject matter jurisdiction. *See, e.g., McAllister v. F.D.I.C.*, 87 F.3d 762, 766 (5th Cir. 1996). In this case, Plaintiff never mentions the need for discovery, arguing instead that he has not had the "opportunity to prove" his damages and that he should be allowed to "demonstrate *at trial*" the harm he has suffered. Plaintiff's Response [21] at 3-4 (emphasis added). This argument seems to misinterpret Plaintiff's burden in the face of a factual attack on the Court's jurisdiction. *Patterson*, 644 F.2d at 523. Even if this argument could somehow be interpreted as referencing the need for discovery, which is not apparent, Plaintiff never moved for discovery, never explained what discovery was needed, and never described what discovery might uncover. Finally, all of the information related to the factual determination of Plaintiff's actual damages should be within Plaintiff's personal knowledge or

---

[2]Other courts have analogized the FDCPA to the FCRA and allowed recovery for humiliation and mental anguish under the FDCPA. *See Panahiasl v. Gurney*, No. 04-04479 JF, 2007 WL 738642, at *1–2 (N.D. Cal. Mar. 8, 2007); *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1338–39 (M.D. Ala. 1998); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991).

control.³  Accordingly, the Court must conclude that the offer of judgment constituted all the relief Plaintiff could hope to recover for Defendant's alleged FDCPA violations.

C. <u>Mootness in the Class Action Context</u>

In an effort to avoid mootness due to Defendant's offer of judgment, Plaintiff attempted to certify a class action and now argues that Defendant should not be permitted to "pick off" potential class representatives in an effort to "thwart" a potential class action.

*1. Plaintiff's Class Certification Efforts are Void for Lack of Standing*

Plaintiff's arguments regarding class certification are a non-starter because he lost standing, and the Court lost jurisdiction, before he initiated his class efforts. As stated, Plaintiff's motions to amend and to certify a class came well after he rejected Defendant's offer of judgment. This presents an issue similar to the one addressed by the Fifth Circuit in *Summit Office Park v. United States Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981). The plaintiff in *Summit*, an indirect purchaser of materials, filed an antitrust action against steel and metal manufacturers on behalf of itself and a putative class of other indirect purchasers. 639 F.2d at 1279–80. After filing suit, but before the case was tried, an intervening Supreme Court decision was handed down holding that indirect purchasers lack standing to assert antitrust claims. *Id.* at 1280–81. To avoid dismissal, the plaintiff attempted to amend its original complaint to name a restructured class of plaintiffs limited to direct purchasers only. *Id.* at 1281. The district court denied the

---

³The Court may take judicial notice of its docket. In this case, the Court notes that Plaintiff and/or his spouse (who represents him in this matter) have filed at least six credit related cases wherein they allegedly failed to pay creditors and then sought damages due to the collection efforts. The Court passes no judgment whatsoever as to the merit of those claims, but the suits sought damages similar to those in the present case, which highlights the need for an evidentiary basis for the present claims.

plaintiff leave to amend and dismissed the action. *Id.* On appeal, the Fifth Circuit Court of Appeals affirmed, holding that "[s]ince [the plaintiff] had no standing to assert a claim, it was without power to amend the complaint so as to initiate a new lawsuit with new plaintiffs and a new cause of action." *Id.* at 1282–83. In refusing to allow amendment, the court further noted that the rights of the purported new class could be protected by filing a new lawsuit rather than by attempting to participate in the plaintiff's original litigation. *Id.* at 1284.

Cases applying *Summit* have further held that "regardless of when the district court actually determines it lacks subject matter jurisdiction over the original plaintiff, 'Rule 15 does not allow a party to amend to create jurisdiction where none actually existed.'" *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) (quoting *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986)); *see also Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 144 (2d Cir. 1994) (concluding that the plaintiffs could not avoid dismissal by amending their complaint to add additional plaintiffs with standing because "once a case is moot, it is no longer justiciable in federal court and must be dismissed"); *Cicchetti v. Lucey*, 514 F.2d 362, 368 (1st Cir. 1975) (declining to apply Rule 15(c) to relate class action status back to original complaint, which contained no mention of a class, and explaining that the policy reflected in *Sosna* "is not served by extending review to a case where plaintiff chose to seek individual relief and had his case mooted before obtaining the desired judicial declaration" and that "*Sosna* sanctions relation back to protect against unavoidable judicial delay, not a deliberate choice by a party") (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)).

In this case, Plaintiff lost standing before he ever moved to amend or to certify a class. Although the Court had not at that time ruled on jurisdiction, the timing of the mootness ruling

matters not. *Fed. Recovery Servs., Inc.*, 72 F.3d at 453. Accordingly, the magistrate judge lacked jurisdiction to allow the amendment and the First Amended Complaint is a nullity. *Id*.

      2.  *Plaintiff's Class Certification Efforts Do Not Create Standing*

  Even assuming the Court had jurisdiction over the First Amended Complaint, the result would be no different. Unique mootness issues arise in the class action context due to the representative nature of class actions, including whether mootness of the class representative's claim during the pendency of a class action mandates dismissal of the entire suit. Resolution of this issue often depends on the stage to which the litigation has progressed when the class representative's claims become moot, for example: after class certification is granted; after class certification is denied; after filing a motion for class certification, but before a ruling on the motion for class certification; or before the filing of a motion for certification.

  Generally, mootness of a class representative's individual claim post-certification does not moot the entire class action. *Sosna*, 419 U.S. at 399 ("When the [d]istrict [c]ourt certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [plaintiff]."); *see also Franks v. Bowman Transp. Co.*, 424 U.S. 747, 755–57 (1976) (extending *Sosna* by holding that a certified class action will not be rendered moot by the mootness of the class representative's individual claims in instances in which the class claims are not inherently transitory). In such cases, the Article III "controversy may exist . . . between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." *Id.* at 402.

  Similarly, in cases in which class certification has been denied, a plaintiff has standing to appeal the denial of certification, despite the mootness of his individual claims. *Deposit Guar.*

9

*Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 340 (1980) (concluding that plaintiffs whose claims are satisfied through entry of judgment against them despite their objections may appeal the denial of class certification); *Geraghty*, 445 U.S. at 404 ("[A]n action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied. The proposed representative retains a personal stake in obtaining class certification sufficient to assure that [Article] III values are not undermined.").

Jurisdiction may also survive a rejected offer of judgment made before the court rules on a motion to certify the class. In *Zeidman*, the Fifth Circuit explained that "a suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has properly been certified." *Zeidman*, 651 F.2d at 1045. However, in considering mootness of the plaintiffs' claims through a Rule 68 offer of judgment, *Zeidman* held "that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims . . . when . . . there is *pending* before the district court a *timely filed and diligently pursued motion* for class certification." *Id.* at 1051 (emphasis added). In such instances, certification is said to "relate back" to the filing of the class complaint for purposes of subject matter jurisdiction. *Id.* at 1047–48.

The Fifth Circuit examined this issue again in *Sandoz*. 2008 WL 5341434. In that case, the defendant made an offer of judgment just one month after plaintiff filed a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, 219, but before plaintiff moved to certify the class. After the trial court rejected the defendant's motion to dismiss, the plaintiff moved for class certification. The Fifth Circuit took the case on interlocutory appeal, reversed, and

10

remanded with instructions for the trial court to determine whether the plaintiff timely sought certification of the collective action. *Sandoz*, 2008 WL 5341434, at *8.[4]

Although instructive, *Zeidman* and *Sandoz* are easily distinguishable because the Rule 68 offers in those cases were made after the plaintiffs filed class complaints. Here, the offer of judgment came before the class complaint and therefore before the motion to certify. As a result, the policy behind these cases is no longer relevant. As explained in *Sandoz*, the relation back doctrine was designed to prevent defendants from using Rule 68 to "pick off" class representatives and thereby stifle the benefits of collective actions. 2008 WL 5341434, at *6-7. This same rationale premised other federal decisions applying the relation back theory. *See Weiss*, 385 F.3d at 349 (holding that defendant may not use Rule 68 offer to nullify a class action

---

[4] Other courts are split as to the effect of a rejected offer of judgment made after a class complaint but before a motion to certify. *Compare Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (dismissing plaintiff's FDCPA suit after defendant's Rule 68 offer of judgment rendered plaintiff's individual claims moot); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 983 (3d Cir. 1992) ("Without a rule that plaintiff have a live claim at least when the motion to certify is filed, the 'case or controversy' requirement would be almost completely eviscerated in the class action context, since almost anybody might be deemed to have standing to move to certify a class. . . . The mere fact that the named plaintiffs in this case *used* to have a controversy with the defendant cannot confer a valid, unending procedural claim to represent that class."); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 852–53 (W.D. Ky. 2007); *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 564–65 (D. Minn. 2003) ("Plaintiff would have the court defer consideration of a challenge to its subject matter jurisdiction until it has ruled on a motion for class certification, even if no motion to certify had yet been filed. However, jurisdiction is a threshold question that cannot be waived by the parties nor ignored by the courts." (internal quotations and citation omitted)) *with Weiss*, 385 F.3d at 348 ("Absent undue delay in filing a motion for class certification, . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the *class complaint*." ) (emphasis added); *Harris v. Messerli & Kramer, P.A.*, No. 06-CV-4961, 2008 WL 508923, at *3 (D. Minn. Jan. 2, 2008); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001); *Liles v. Am. Corrective Counseling Servs., Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001). This is obviously a stronger context for denying a motion to dismiss than is present when the offer of judgment comes before a class complaint.

"absent undue delay" in filing motion to certify); *Harris*, 2008 WL 508923, at *3 (noting that putative class representative seeks relief for himself and for class); *Liles* 201 F.R.D. at 455 (explaining that court has "special responsibilities to ensure that dismissal does not prejudice putative members").

In the present case, Plaintiff likewise argues that the Court should adopt the relation back theory to prevent Defendant from "picking off" the class representative. The problem is that Plaintiff brought this suit in his individual capacity, so there was no representative to "pick off" when the offer was made. In addition, because the suit was not "brought as a class action," *Zeidman*, 651 F.2d at 1051, there is no pre-offer class complaint to which certification could relate back. And, at the time of the offer, there was no "*pending*[,] . . . *timely filed and diligently pursued motion* for class certification." *Id.* (emphasis added). Finally, if the Court could somehow overlook the procedural distinction in this case and the concomitant absence of the standard policy basis for relating certification back to a class complaint, it would still conclude that the motion to certify the class was not diligently pursued. *Sandoz*, 2008 WL 5341434, at *6-7; *Zeidman*, 651 F.2d at 1051. Accordingly, the Court finds that the facts and procedural history of this case simply do not support application of the relation back theory.[5]

---

[5] Plaintiff's Response [21] attaches a February 6, 2007 email exchange in which Defendant rejected Plaintiff's offer to settle for $5,000 and Plaintiff responded, "By-the-way, there's a class action coming, too." Plaintiff argues that this establishes Defendant's bad faith in attempting to "pick off" a class representative. To the contrary, the evidence strengthens Defendant's position because the emails demonstrate that Defendant attempted to settle before a class was ever mentioned. Moreover, having threatened a class action in January 2007, Plaintiff failed to make any such allegations in the Complaint filed more than eleven months later. It is impossible to conclude from these facts that the offer of judgment was made in an effort to "pick off" a class representative. Plaintiff made no effort to assert a class action until confronted with a motion to dismiss.

**III. Conclusion**

The Court has fully considered and rejected the remaining arguments raised in Plaintiff's submissions. Accordingly, for the reasons stated herein, the Court grants Defendant's renewed motion to dismiss all federal claims. To the extent Plaintiff's Complaint can be read to include state law claims, the Court declines jurisdiction and those claims are dismissed without prejudice.

Finally, the Court retains jurisdiction for the limited purpose of determining the amount of attorneys' fees to which Plaintiff may be entitled pursuant to the offer of judgment. The parties are instructed to confer in an effort to submit an agreed order. If they cannot reach such an agreement, Plaintiff is instructed to file a properly supported motion for attorney's fees no later than February 15, 2009. All deadlines thereafter will be set pursuant to local rule.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE